In the United States District Court for the Northern District of Illinois

Igolo Obi,
Plaintiff,
v.
Google, LLC,
Defendant

Case No: 1:25-cv-07064
Jury Trial Demanded
Complaint for Employment Discrimination:

Judge John Robert Blakey
Magistrate Judge Young B. Kim
Cat 2 Random Assignment

INTRODUCTION:
Plaintiff, Igolo Obi, brings this action for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, the Illinois Human Rights Act, and the City of Chicago Human Rights Ordinance. This Complaint is filed within 90 days of receiving a Right to Sue letter from the Equal Employment Opportunity Commission (EEOC).

JURISDICTION AND VENUE:
This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper in the Northern District of Illinois because the events giving rise to these claims occurred in Chicago, Illinois.

PARTIES:
Plaintiff: Igolo Obi is a resident of Illinois and was employed by Google LLC.
Defendant: Google LLC is a corporation that does business in the state of Illinois and maintains offices within the Northern District of Illinois.

ADMINISTRATIVE EXHAUSTION:
Plaintiff filed a charge of discrimination with the EEOC on or around August 2024, alleging discrimination and retaliation. The EEOC issued a Notice of Right to Sue dated 3/31/2025, which is attached as Exhibit A. This Complaint is filed within 90 days of receipt of that notice.

FACTUAL ALLEGATIONS AND BACKGROUND:
    1.1. Employment Date: April 18, 2022
    1.2. Role: Partner Lead/Account Manager
    1.3. Plaintiff Igolo Obi is a Black woman who began her employment with Google LLC in April 2022 as an Account Manager.
    1.4. Plaintiff was sole individual of color on her team.

1.5. For over a year, Plaintiff performed her duties successfully, receiving generally positive feedback, and building relationships with team members and clients.

1.6. Plaintiff operated without her original assigned manager, Mike Fleming, for at least the first twelve months of her tenure because original manager was completing a "bungee" assignment outside of Plaintiff's immediately assigned team.

1.7. During her first year, Plaintiff reported to an interim team lead, Alexandra Eusner.

1.8. Plaintiff made Ms. Eusner aware that a colleague and fellow Account Manager assigned to support her in early onboarding was treating her with hostility and receiving Plaintiff's request for support with disdain and condescension.

1.9. Plaintiff also raised concerns to a senior-level Account Manager within the organization, assigned to offer onboarding guidance, that she had been led to believe in her interview process that she would not take on client responsibilities until her onboarding and training was complete. However, Plaintiff was assigned client work while in training, causing Plaintiff to seek an extension for completion of Google Sales School onboarding.

1.10. In May 2023, Stefanie Stewart became Plaintiff's new manager. From that point forward, Plaintiff was subjected to an increase in discriminatory treatment, a hostile work environment, and retaliation based on her race.

1.11. Stefanie Stewart provided Plaintiff with inequitable performance assessments against her colleagues. Example: in Q2 2023, Stefanie Stewart claimed Plaintiff failed to deliver requested insights to client, despite documented evidence that Plaintiff had done so in a timely and effective manner. Ms. Stewart was copied on the very email exchange in which this delivery was confirmed.

1.12. In Q3 2023, Stefanie Stewart falsely reported that Plaintiff did not contribute any support or work at all to a client account, while simultaneously publicly crediting a white coworker for the same projects Plaintiff executed. This disparate treatment further negatively impacted the perception of Plaintiff's contributions and ability to perform, demonstrating a clear racial bias.

1.13. Plaintiff made consistent attempts to align her work with Stefanie Stewart's expectations, repeatedly requesting clarity on performance goals and deliverables. However, Ms. Stewart failed to provide guidance that was consistent, provided ambiguous directives, frequently moved the goalposts and assessed Plaintiff's work in an inequitable manner in comparison with other employees on the team, assuring that Plaintiff could never be deemed "successful" by Ms. Stewart's standards. Ms. Stewart informed Plaintiff in meetings that her efforts and produced work were in line with expectations before later contradicting this feedback in written performance systems like Google's GRAD tool.

1.14. Plaintiff was also subjected to workplace harassment from a white Account Executive who undermined and verbally abused her. Despite multiple reports to her manager, Stefanie Stewart, no corrective action was taken. One such incident of public

beratement was witnessed by other employees at the company's and elevated internally, but Ms. Stewart remained dismissive.

1.15. Ms. Stewart rarely attempt to verify with Plaintiff all of the Account Executive's reports that Plaintiff was failing to meet expectations; and would instead report the Account Executive's narrative in the GRAD tool for Plaintiff's performance assessments.

1.16. Plaintiff sought email confirmation from Ms. Stewart on alignment of business objectives and performance expectations. Ms. Stewart did not respond for nine days, before requesting a meeting with Plaintiff in which she declined to speak directly to the outlined action items and previously agreed upon pillars, and refused to confirm or otherwise clarify her expectations in writing.

1.17. This constant mistreatment caused Plaintiff emotional distress, including depression and anxiety. Plaintiff often became emotional and cried in private between meetings and eventually went on medical leave due to the toxic work environment and threats made against her employment standing:

1.18. On October 12, 2023, Stefanie Stewart informed Plaintiff that her performance was progressing well. Separately, Plaintiff contacted the Human Resources department the very next day and raised concerns about possible race-based discrimination to a People Operations Consultants and requested HR support and mediation in future meetings between Plaintiff and her manager, Stefanie Stewart; as well as Plaintiff and the Account Executive who continued to bully and demean her work.

1.19. However, instead of receiving support, HR denied the request. On October 16, 2023, Plaintiff was blindsided by a sudden performance meeting led by Stefanie Stewart and a People Operations representative. Plaintiff was informed she could either accept a meager severance package of face termination. Plaintiff was only given three days to decide.

1.20. This abrupt action, following directly on the heels of Plaintiff's protected complaint about race discrimination, constitutes a retaliation under Title VII and related state and local laws.

1.21. Plaintiff also learned from another Account Executive on the team that, when Stefanie Stewart sought feedback regarding Plaintiff's performance, the Account Executive's initial review was deemed "too lenient" and that Ms. Stewart pressured this individual to be more stringent and consequently, more negative, about Plaintiff's performance. Plaintiff attempted to share this revelation with People Operations and requested she be permitted to submit evidence supporting her work and efforts to meet Ms. Stewart's expectations, but these requests were denied.

1.22. The Company offered Plaintiff a severance package of 14 weeks' salary ($24,230) which Plaintiff believes was insufficient in light of the discriminatory and retaliatory treatment she endured.

CLAIMS FOR RELIEF:

Count I – Race Discrimination (Title VII)

Defendant discriminated against Plaintiff on the basis of race by issuing false and biased performance reviews, enabled harassment, and denied equal treatment.

Count II – Hostile Work Environment

Defendant permitted a hostile work environment to persist through the actions of management and coworkers.

Count III – Retaliation (Title VII)

Defendant's actions exhibit retaliation against Plaintiff for raising complaints of race discrimination and refusal to accept initial severance, culminating in a sudden and unjust employment ultimatum.

Count IV – Violation of Human Rights Act

Defendant's actions also violate the protections afforded under Illinois state law.

Count V – Violation of City of Chicago Human Rights Ordinance

Defendant's actions further violate local human rights protections provided by the City of Chicago.

REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court:

1. Award compensatory damages for emotional distress and reputational harm;
2. Award back pay and front pay;
3. Order expungement of negative performance records;
4. Award attorneys' fees and costs (if applicable);
5. Grant such other relief as the Court deems just and proper.

JURY DEMAND:

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

Igolo Obi
720 S. Wells St., Apt. 2804
Chicago, IL 60607
(615) 796-1088
igoloobi@gmail.com
Pro Se Plaintiff

**Exhibit A**
**Notice of Right to Sue**
**Issued by the Equal Employment Opportunity Commission**
**Dated: March 31, 2025**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/31/2025

**To:** Miss Igolo Obi
720 S. Wells St Apartment 2804
CHICAGO, IL 60607
Charge No: 440-2024-10165

EEOC Representative and email:   JANA DIAMOND
Investigator
jana.diamond@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-10165.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
03/31/2025

Amrith Kaur Aakre
District Director

**Cc:**
Adam Colon
320 N MORGAN ST
Chicago, IL 60607

Shanthi V Gaur
Littler Mendelson, P.C.
321 N CLARK ST STE 1100
Chicago, IL 60654

Taylor May
Littler Mendelson, P.C.
321 N CLARK ST STE 1100
Chicago, IL 60654

Kim Hilton
Workplace Law Partners, P.C.
155 N Michigan Ave Suite 719
CHICAGO, IL 60601


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-10165 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-10165 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.